[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11826
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00002-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIQUEL HARRELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 30, 2013)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Miquel Harrell appeals his conviction, following a guilty plea, of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  His sentence was reimposed to allow a timely appeal, following a grant of some section 2255 relief.  On appeal, he argues that his trial counsel was ineffective for failing to advise him of the option to plead guilty to Count One in the indictment, attempted possession of cocaine with intent to distribute, but to proceed to trial on the firearm offense in Count Two.  He also argues that the magistrate judge plainly erred during the plea colloquy by not explaining this option: pleading guilty to one count and not guilty to the other.  We cannot consider Harrell's ineffective assistance of counsel claim on direct appeal because the record on point is not sufficiently developed: for example, no district court fact findings.  Instead, Harrell can attempt to raise this claim through a 28 U.S.C. § 2255 motion.  Especially given the lack of precedent on point, the magistrate judge did not <u>plainly</u> err in conducting the Fed.R.Crim.P. 11 plea colloquy: the judge separately explained the two charges, accepted Harrell's guilty plea separately on each charge, and sufficiently explained Harrell's right to persist in a plea of not guilty.

AFFIRMED.

2